Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50331 | **DATE** | 6/17/2003 |
| **CASE TITLE** | KOCH vs. CITY OF SYCAMORE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the City's motion for summary judgment is granted and this case is dismissed in its entirety. Koch's motion to strike is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 17 2003 | 44 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 6-17-03 | |
| | /SEC | 2003 JUN 17 AM 11:25 | date mailed notice | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Martin Koch, has filed a three-count complaint against defendant, City of Sycamore ("City"), alleging claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. (Count I), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. (Count II), and intentional infliction of emotional distress (Count III). Jurisdiction and venue are proper based on 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 626(c)(1), and 28 U.S.C. §§ 1331, 1391. Before the court is the City's motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56, and Koch's motion to strike.

Taking up the latter motion first, Koch argues the City has improperly denied some of his factual assertions in his statement of additional facts by doing so without citation to the record or citing evidence that does not support its denials. Although this may be true, the court finds it unnecessary to strike the City's response for noncompliance with Local Rule 56.1. Instead, the court has simply ignored the offending portions of the City's response to Koch's LR 56.1(b) statement of additional facts, accepted as true the facts asserted by Koch in that statement as long as they are supported by the record, and, as always, viewed the evidence and drawn all reasonable inferences therefrom in favor of the nonmoving party (i.e., Koch).

While working as a laborer or meter reader in the City's water department on June 11, 1998, Koch injured his left, dominant shoulder when he turned a hydrant valve that was stuck. Despite the injury, Koch continued to work until December 1998. At that time, he had surgery on his left shoulder and did not return to work until May 1999. He then worked for another six months until he underwent a second surgery for his shoulder in November 1999. He has not worked for the City since.

In Count I, Koch claims the City violated his rights under the ADA by refusing to reasonably accommodate the lifting restrictions his physicians imposed due to his injured shoulder and by refusing to return him to work after one of the doctors who examined Koch stated he could do so without restrictions. In the court's opinion, however, Koch's ADA claim fails because he has not met the threshold requirement of showing he is disabled under the statute. See 42 U.S.C. § 12102(2); Moore v. J.B. Hunt Transp., Inc., 221 F.3d 944, 950 (7th Cir. 2000). First, Koch has not presented sufficient evidence from which a reasonable jury could find he has an actual disability – i.e., that his injured shoulder "substantially limits" one or more of his "major life activities." 42 U.S.C. § 12102(2)(A). On this point, although Koch extensively reviews the course of treatment for his injured shoulder and recites how much pain it has caused him over the years, with which the court certainly sympathizes, he spends hardly any time analyzing the crucial legal issue of how that injury has substantially limited him in a major life activity. Koch does mention the lifting restrictions imposed on him because of his injured shoulder, but these restrictions by themselves, without further evidence of how they affected any of his major life activities, do not establish a "substantial limitation." See Contreras v. Suncast Corp., 237 F.3d 756, 763 (7th Cir.), cert. denied, 534 U.S. 824 (2001).

What's more, Koch devotes just a few short sentences, almost in passing, to identify which major life activities he even has in mind. In rather cursory fashion, Koch remarks that his left shoulder injury impaired his "ability to function in the garden" and "perform any of his pre-injury recreational activities." He also says there were "times" when he could not "sleep, shave, shower or even cut food on his plate and had difficulty in working" because of his injury. This is the sum of Koch's analysis on whether he was substantially limited in a major life activity (Pl. Resp., pp. 6, 7) and, as such, is wholly inadequate. To begin with, he does nothing to show gardening, bowling, softball, pitching horseshoes, or any of his other recreational activities are of "central importance to most people's daily lives," Toyota Motor Mfg. v. Williams, 534 U.S. 184, 197 (2002), and the court would be hard-pressed to accept such an argument even if Koch had developed it in any meaningful way. While sleeping, showering, and working are, arguably, major life activities, the vague assertion that there have been "times" when Koch's injured shoulder prevented him from performing these tasks does not come close to showing it *substantially limited* him from doing so. And the evidence Koch cites in support of these arguments is just as unhelpful. For example, he relies heavily on the supplemental affidavits of himself and his long-time girlfriend, both of which are completely self-serving, conclusory, without support in the record, and, thus, insufficient to defeat a motion for summary judgment. See Hall v. Bodine Elec. Co., 276 F.3d 345, 354 (7th Cir. 2002).

Koch alternatively argues the City regarded him as disabled. See 42 U.S.C. § 12102(2)(C). This requires Koch to show the City mistakenly believed he either had a substantially limiting impairment that he did not in fact have or had a substantially limiting impairment when, in fact, the impairment was not so limiting. See Sutton v. United Air Lines, Inc., 527 U.S. 471, 489 (1999); Krocka v. City of Chicago, 203 F.3d 507, 514 (7th Cir. 2000). Once again, Koch provides little, if any, evidence or analysis to support his "regarded as" theory. Although Koch presents evidence that the City's decision-maker believed Koch was unable to perform certain functions of his job as a laborer or meter reader, it is axiomatic an ADA plaintiff must do more than show the employer regarded him as merely unable to perform the plaintiff's particular job with that employer but, instead, must show the employer regarded him as precluded from a class or broad range of jobs. See Murphy v. United Parcel Serv., Inc., 527 U.S. 516, 523-25 (1999). Of this latter issue, Koch has utterly failed to produce any evidence.

Turning to Count II, Koch claims in conclusory fashion the City discriminated against him based on his age (he was born September 10, 1938) when it replaced him with an individual who was twenty-five years younger than him. This claim does not even get past the prima facie stage, however, because Koch has presented absolutely no evidence the younger employee who replaced him was similarly situated to him – i.e., the younger employee had lifting restrictions similar to Koch's. See Biolchini v. General Elec. Co., 167 F.3d 1151, 1153-54 (7th Cir. 1999) (ADEA plaintiff could not show that younger employee who replaced him was similarly situated so as to satisfy fourth element of prima facie case). Even more generally, Koch's ADEA claim is so poorly developed, both legally and factually, there is simply no credible evidence Koch's age had anything to do with the City's refusal to return him to work.[1]

That leaves Count III, which Koch calls (in his complaint anyway) a claim for intentional infliction of emotional distress. On its face, this nomenclature would suggest a separate, supplemental claim under Illinois state tort law. But in his response brief, Koch makes it clear what he wants is merely to recover damages for the emotional distress he has allegedly suffered because of the City's intentional discrimination and its violation of his rights under the ADA and ADEA. Based on this clarification, the court dismisses Count III because it is nothing more than part of the damages Koch seeks as part of Counts I and II, both of which are to be dismissed as discussed previously.

For the reasons stated above, the City's motion for summary judgment is granted and this case is dismissed in its entirety. Koch's motion to strike is denied.

---

[1] For example, Koch states that upon returning to work in May 1999, he was "daily questioned about dates for his retirement and made fun of that he was no longer able to work like the younger employees." (Pl. Resp., p. 16) Once again, however, this comes directly from Koch's supplemental affidavit, which is simply too conclusory and self-serving to create a genuine issue of fact for purposes of summary judgment. See Bodine, 276 F.3d at 354. This is especially so when Koch was asked multiple times at his deposition about the basis for his ADEA claim and he said nothing about such age-related comments. See Patterson v. Chicago Ass'n for Retarded Citizens, 150 F.3d 719, 724 (7th Cir. 1998).

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Martin Koch

v.

City of Sycamore

**JUDGMENT IN A CIVIL CASE**

Case Number: 01 C 50331

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the City's motion for summary judgment is granted and this case is dismissed in its entirety. Koch's motion to strike is denied.

Michael W. Dobbins, Clerk of Court

Date: 6/17/2003

Susan M. Wessman, Deputy Clerk